869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael D. NASH, Plaintiff-Appellant,
v.
George D. HANCOCK; George Wilson; Defendants,
Wiley Wilson, Defendant-Appellee.
 No. 88-6088.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1989.
 
 1
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This pro se prisoner moves for the appointment of counsel and appeals the district court's dismissal, following a bench trial, of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, plaintiff filed suit alleging that his eighth amendment rights were violated while he was an inmate at the Kentucky Correctional Psychiatric Center (KCPC) when the defendant, Wylie Wilson, a corrections officer at KCPC, used excessive force in subduing him during an altercation. The defendants, Hancock and George Wilson were dismissed early in the proceedings; plaintiff does not appeal those rulings. Thereafter, a bench trial was held and the district court made findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a) and entered judgment in favor of the defendant Wilson finding that he used a reasonable amount of physical force in pursuit of a valid institutional goal.
 
 
 4
 On appeal, plaintiff moves for the appointment of counsel, and argues: 1) he did not waive his right to jury trial; 2) he was entitled to a pretrial conference; 3) counsel should have been appointed at the district court level; 4) he was entitled to a continuance when the court did not subpoena all his witnesses; and 5) he was entitled to damages. Upon review, we affirm the judgment of the district court as its findings of fact are not clearly erroneous.
 
 
 5
 First, we conclude that plaintiff waived his right to jury trial as he stated he would be bound by the court's ruling on the matter. See Sewell v. Jefferson County, Nos. 87-5254/5658, slip. op. at 7-9 (6th Cir. Dec. 19, 1988). We likewise find no error in the district court's denial of plaintiff's motion for a pretrial conference. The motion was made early in the proceedings at a time when no discovery had yet been made. Moreover, plaintiff has not identified how he was prejudiced by the court's denial.
 
 
 6
 Nor did the district court abuse its discretion in not appointing counsel as plaintiff failed to demonstrate exceptional circumstances so as to warrant the appointment of counsel. See Cookish v. Cunningham, 787 F.2d 1, 2-3 (1st Cir.1986) (per curiam).
 
 
 7
 Next, there is no merit to plaintiff's contention that he was entitled to a continuance when the court did not subpoena all his witnesses. Plaintiff did not request a continuance, and even if he had, it would not have been error for the court to deny the request as the testimony of the omitted witnesses would merely have been cumulative. Nevertheless, we conclude that plaintiff was given a meaningful opportunity to litigate his claim. See e.g., Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.), cert. denied, 464 U.S. 917 (1983).
 
 
 8
 Lastly, plaintiff basically argues that the district court erred in its legal conclusion that defendant Wilson had not used excessive force in subduing him. The court chose to assign greater credibility to defense witnesses who testified that defendant used reasonable force to subdue plaintiff after plaintiff attacked him. We conclude that these factual findings are not clearly erroneous as defendant's use of force was a good faith effort to restore discipline. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973).
 
 
 9
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation